## FRIETAG v. STATE. (No. 12414.)

Court of Criminal Appeals of Texas. June 5, 1929.

Rehearing Denied Oct. 16, 1929.

J. F. Taulbee, of Georgetown, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, rape; penalty, five years in the penitentiary.

The injured female was a girl about 12 years old. Appellant was her stepfather. The testimony of the prosecutrix is in substance that appellant penetrated her private parts with his male organ in a cotton seed house at their home about March 4, 1928, and that she almost immediately thereafter told her mother. The county physician was introduced by the state as a witness, and he testified that he examined the prosecutrix in October after said date and found no marks of violence, but testified that her hymen was ruptured. He further testified that he could introduce one of his fingers into her vagina without any trouble, but that two gave her some pain, and that a hymen was usually ruptured after intercourse and was sometimes ruptured by self-abuse.

The appellant denied in toto the testimony of prosecutrix, claiming that he had never had intercourse with or abused her.

We think the court correctly held evidence inadmissible of prosecutrix offered by appellant to the effect that she heard her mother say to third parties that no complaint was made by prosecutrix to her shortly after the 4th of March. The mother of prosecutrix was not a witness, and such testimony was collateral, immaterial, and hearsay.

Several special charges were asked, the substance of all of them being that before a conviction could be had the jury must believe beyond a reasonable doubt that the sexual organ of the prosecutrix was penetrated by the male organ of the defendant. Upon this issue the court charged the jury, among other things, as follows: "* * * And further the proof must show by legal evidence and beyond a reasonable doubt that the sexual organ of the female was penetrated by the male organ of the party accused."

We think that under the facts of the instant record this was a sufficient presentation of the issue. As already stated, prosecutrix testified positively to a penetration. Her credibility was a matter for the jury, with whose discretion we have no right to interfere.

Believing the evidence sufficient, and finding no errors in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

LATTIMORE, J. Appellant's motion sets up two grounds: First, that we erred in upholding the action of the trial court in refusing to allow him to draw out of prosecuting witness on cross-examination certain statements which were claimed to have been made by her mother to other parties in the presence of prosecutrix. We see no reason to change our opinion in this regard. The mother of prosecutrix was not a witness, and the matter sought to be thus elicited was purely hearsay. The other claim is that certain special charges upon the question of penetration should have been given. The main charge submitted the issue of penetration clearly and without ambiguity. We fail to see how the giving of special charges upon

this subject could have aided the jury to a correct solution of the issue. Where a matter is properly presented, multiplication of special charges bearing on such issue could only confuse the jury.

The motion for rehearing is overruled.